AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)　　　Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No: 1:03-cr-00144-SEB-KPF-1 |
| DWIGHT BILLINGSLEY ) | USM No: 07279-028 |
| ) | |
| Date of Original Judgment: 02/27/2004 ) | |
| Date of Previous Amended Judgment: ) | |
| *(Use Date of Last Amended Judgment if Any)* | Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.　☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 02/27/2004 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 09/18/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Effective Date: _____
*(if different from order date)*

A CERTIFIED TRUE COPY
Roger A.G. Sharpe, Clerk
U.S. District Court
Southern District of Indiana
By _Lana Hewes_
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:03-cr-00144-SEB-KPF |
| | ) | |
| DWIGHT BILLINGSLEY, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is Petitioner Dwight Billingsley's Motion to Reduce Sentence filed pursuant to USSG Amendment 821 [Dkt. 7]. The Government has filed its response in opposition to the motion.

Being duly advised, the Court hereby **DENIES** the motion, finding Petitioner ineligible for a reduced sentence based on this amendment to the Sentencing Guidelines for the reason that applying the Amendment would not result in a reduction of Petitioner's original guideline range. USSG § 1B1.10.

Pursuant to the holding in <u>Dillon v. U.S.</u>, 560 U.S. 817, 824 (2010) and the requirements set out in the applicable statutes (ie, 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines (§§ 4A1.1(a) and (e)), the changes effectuated by Amendment 821 to the Guidelines do not apply to Petitioner because his original guideline range would not be reduced, thus making him ineligible for a reduced sentence. To qualify for relief under § 3582(c)(2), a petitioner's sentencing range must be lowered by the Amendment.

Mr. Billingsley correctly notes that Part A of Amendment 821 alters the status points provision regarding the criminal history (USSG § 4A1.1(e)), directing the addition of 1 point

(rather than 2 under the original guidelines formulation), if the defendant received 7 criminal history points and committed the office while under criminal justice sentence as specified. A person who had six criminal history points or fewer receives no status points. Petitioner Billingsley received 12 criminal history points to which 3 points were added based on his "status": 2 points for being on parole when offense was committed plus 1 additional point for committing offense less than two years following release from custody, placing him in a criminal History Category VI. He was also found to be a career offender.

Even though Petitioner Billingsley's criminal history points would be reduced by 2 based on these amendments, he remains in a Category VI as a career offender. His guidelines range was 262-327 months. Count 2 carried a mandatory minimum sentence of 120 months, and Count 4, a mandatory consecutive sentence of 300 months. His guideline sentence was 420 months, which is the sentence he received.

Thus, even after applying § 4A1.1(e), because his guidelines range would remain unchanged, the Amendment does not lower his overall sentence. To be eligible for relief, the sentencing range must be lowered by the applicable amendment. He is therefore ineligible for the relief he seeks and his motion for reduction of sentence must be denied.

IT IS SO ORDERED.

Date: 9/18/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Counsel of record via CM/ECF

Electronic Notice to United States Probation Office

Dwight Billingsley #07279-028
USP Canaan
US Penitentiary
PO Box 300
Waymart, PA 18472