UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:03-cr-00144-SEB-KPF |
| | ) | |
| DWIGHT BILLINGSLEY, | ) -01 | |
| | ) | |
| Defendant. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:03-cr-00144-SEB-KPF |
| | ) | |
| DWIGHT BILLINGSLEY, | ) -01 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Dwight Billingsley has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 20. For the reasons explained below, his motion for compassionate release is **denied**.

**I. Background**

Mr. Billingsley is currently serving a 420-month sentence after he pled guilty to: unlawfully using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Dkt. 18 (response in opposition to motion to reduce sentence – USSC 821). According to the Presentence Investigation Report, Mr. Billingsley robbed a supermarket and gas station while armed. Dkt. 14 at 4-5. Once arrested, he admitted to both armed robberies and that he discharged the firearm while robbing the supermarket. *Id.* at 6.

The Bureau of Prisons ("BOP") currently reports Mr. Billingsley's anticipated release date as May 20, 2042. *See* https://www.bop.gov/inmateloc/ (last visited October 16, 2026).

Mr. Billingsley argues that he establishes extraordinary and compelling reasons for compassionate release because (1) the sentencing disparity with his sentence; (2) the harshness and severity of confinement, especially during the COVID-19 pandemic; and (3) 3553(a) factors

being in his favor. The Court has concluded it can resolve the motion without a response from the United States.

Before the Court proceeds to the merits of Mr. Bishop's motion, it addresses his motion for counsel. There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Given Mr. Bishop's competent explanation of his claims and his ability to marshal evidence in his favor, the Court finds that recruiting pro bono counsel on his behalf is not necessary. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Thus, his motion for counsel, dkt. [32], is **denied**.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission has issued a policy statement identifying several circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

The Court begins with Mr. Billingsley's claim that there is a disparity in his sentencing. The Court has already addressed this issue when denying his motion for compassionate release and denies this claim for previously stated reasons. Dkt. 19. Moreover, since this denial was issued, the Supreme Court has rejected this type of claim. In enacting § 401 of the First Step Act, Congress explicitly provided that the new, shorter mandatory minimum sentences did not apply retroactively. A nonretroactive change to a sentencing scheme cannot be an "extraordinary and compelling" reason to reduce a sentence for purposes of § 3582(c)(1)(A)(i). *See Rutherford v. United States*, 608 U.S. 454, 146 S. Ct. 1320, 1330 (2026) ("When Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an 'extraordinary and compelling reaso[n]' that 'warrant[s]' a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Insofar as the Commission's amended policy statement maintains otherwise [in U.S.S.G. § 1B1.13(b)(6)], it conflicts with the statute").

Mr. Billingsley next argues that the harshness and severity of confinement, especially during the COVID-19 pandemic, qualify as an extraordinary and compelling reason for purposes of compassionate release. Dkt. 20 at 13-15. Any inmate who was confined during the height of the pandemic dealt with similar issues. Mr. Billingsley has simply not shown that his situation is extraordinary as compared to other inmates. *United States v. Khelifi*, Case No. 21-3144, 2022 WL 3925623 at *2 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic). For these reasons, the Court finds that Mr. Billingsley has not met his burden to show that BOP conditions caused by the COVID-19 pandemic constitute an extraordinary and compelling reason for his release whether considered alone or in combination with any other reason.

Even if the Court were to decide that Mr. Billingsley had an extraordinary and compelling reason for compassionate release under § 3582(c)(1)(A), the Court would nevertheless find that Mr. Billingsley is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553(a) do not weigh in his favor.[1]

Mr. Billingsley claims that the amount of time he has already served, his efforts at rehabilitation, and his release plan should mitigate the possibility of his presenting a danger to the community because he is not the same person he was at the time of the offense. Dkt. 20 at 20-21. While the Court commends Mr. Billingsley for his rehabilitative efforts, that is what is expected of him and is not enough, on its own, to be considered an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(d). His release plan is commendable as well; however, it does not change the seriousness of his crimes. The purpose of the imposed sentence was to reflect the seriousness of his crimes. Moreover, Mr. Billingsley still has 16 years left on his sentence, so releasing him now would be a substantial reduction.

In light of these considerations, the Court finds that releasing Mr. Billingsley now would not: reflect the seriousness of his offenses; promote respect for the law; provide just punishment for his offenses; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

## III. Conclusion

For the reasons stated above, Dwight Billingsley's motion for compassionate release, dkt. [20], is **denied**.

**IT IS SO ORDERED.**

Date: 10/20/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dwight Billingsley
Reg. No. 07279-028
USP Canaan
U.S. Penitentiary
P.O. Box 300
Waymart, PA 18472

All Electronically Registered Counsel